# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSE GALLOWAY,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:05-cv-558-Orl-DAB**

**McKENZIE TANK LINE, INC.,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 38)**
>
> **FILED:** May 12, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for

fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

A Settlement Fairness Hearing was held on May 23, 2006, with counsel for both parties present. The Plaintiff also personally participated in the hearing, indicating his understanding and acceptance of the settlement. Based on the representations of counsel at the hearing and the answers to Court Interrogatories, Plaintiff was employed by Defendant as a fuel truck driver from October 2004 until March 2005. Initially, damages of approximately $2,800.00 plus a like amount for liquidated damages) were claimed, for alleged unpaid overtime. Defendant asserted that it was not liable as Plaintiff was exempt from the overtime provisions of FLSA due to application of the Motor Carrier Act, but even if it owed overtime, the correct amount was $1,722.25 (Doc. No. 24). The settlement to Plaintiff of $750.00, with a like amount for alleged liquidated damages, represents a respectable portion of the amount Plaintiff could try to prove at trial, and makes allowances for the inherent difficulties and costs of a trial, especially in view of the affirmative defense that Plaintiff was

exempt under law from entitlement to any overtime pay under these circumstances. The parties have agreed that Defendant will pay Plaintiff's attorneys $1,700 in attorney's fees and costs, which Defendant stipulates, and the Court finds, is not unreasonable under the circumstances of this case.

Settlement in the total amount of $3,200.00 ($1,500 for Plaintiff and $1,700 in attorney's fees and cost) is a fair and reasonable settlement. The settlement is **APPROVED** by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  The Clerk is directed to enter a final judgment dismissing the action and to close the file.

**DONE and ORDERED** in Orlando, Florida on May 23, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record